# In the United States Court of Federal Claims

No. 19-1459C

(Filed: January 30, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  | * |
|---|---|
| PETER KALOS, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

WHEELER, Judge.

In this case, Peter Kalos, a *pro se* plaintiff, brings claims stemming from a 2003 contract awarded by the Bureau of Prisons ("BOP") to his company, Brickwood Contractors, Inc. ("Brickwood"). Now before the Court is the Government's motion to dismiss for failure to state a claim, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(6). Although it does so for a different reason than those raised by the Government, the Court DISMISSES Mr. Kalos's complaint without prejudice.

## Background

On September 23, 2019, Mr. Kalos filed his complaint. Dkt. No. 1. After Counsel for the Government filed a Motion to Dismiss on November 21, 2019, Mr. Kalos filed an amended complaint on December 10, 2019. Dkt. Nos. 8-9. Counsel for the Government then filed another Motion to Dismiss on December 26, 2019, which Mr. Kalos responded to on January 15, 2020. Dkt. Nos. 10-11. This issue is now fully briefed and ready for decision.

The allegations in Mr. Kalos's complaint are complex and somewhat difficult for the Court to parse. What is clear, however, is that Mr. Kalos asserts claims on behalf of

7018 2290 0000 5183 8341

Brickwood. For instance, the contract at issue in this case was between Brickwood and the Government. Compl. ¶ 1; Dkt. No. 9 at 44. Moreover, the complaint refers repeatedly to "Brickwood's Contract" with the Government, and to Government communications with Mr. Kalos in his capacity as Brickwood's President. See, e.g., Compl. ¶¶ 9, 28.

### Discussion

Under RCFC 83.1(a)(3), "[a] corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney." Affourtit v. United States, 79 Fed. Cl. 776, 779-80 (2008) (noting the Federal Circuit held that "policy determinations could not overcome the long-standing rule . . . that a corporation may appear in federal court only [through] licensed counsel"); see also Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001).[1] Thus, a *pro se* plaintiff cannot represent a corporation. See Rule 83.1(a)(3) ("An individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court. The terms counsel, attorney, and attorney of record include such individuals appearing *pro se*."). The Court cannot waive this rule, even for cases of severe financial hardship. Affourtit, 79 Fed. Cl. at 780. If a corporation does not obtain counsel, "the ordinary remedy is to dismiss [the] complaint for lack of prosecution." Alli v. United States, 93 Fed. Cl. 172, 177 (2010).

The Court cannot consider the claims brought by Mr. Kalos because BOP entered into the Water Tower Repair Contract with Brickwood, a corporate entity distinct from Mr. Kalos. See Compl. ¶ 1; Dkt. No. 9 at 44. Brickwood can only bring a claim before the Court if represented by counsel, but Mr. Kalos does not claim membership in a state bar or the bar of this Court, and filed his complaint *pro se*. See RCFC 83.1(a)(3); Dkt. No. 9 at 11. As in Alli, where the Court held that a corporation's owners could not represent the corporation *pro se*, here, Mr. Kalos's status as Brickwood's President does not, by itself, allow him to act as counsel for Brickwood. See 93 Fed. Cl. at 184. Therefore, Brickwood is not represented by an attorney, as RCFC 83.1(a)(3) requires.

### Conclusion

For the reasons stated above, the Court DISMISSES Mr. Kalos's complaint without prejudice.

IT IS SO ORDERED.

Thomas C. Wheeler
THOMAS C. WHEELER
Judge

---

[1] Affourtit v. United States, 79 Fed. Cl. 776, 779 (2008) and Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001), cite to Rule 81(d)(8) and Rule 83.1(c)(8), respectively. The Rules of the Court of Federal Claims were amended in 2010, leading to the current numbering of the rule as Rule 83.1(a)(3).